# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE NEWMAN,<br><br>                         Plaintiff,<br>    v.<br>MICHAEL J. ASTRUE,<br><br>                        Defendant. | Case No. 08cv2066-BTM (CAB)<br><br>**ORDER RE MOTION FOR ATTORNEY'S FEES** |

Plaintiff moves for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The government does not contest that Plaintiff is entitled to fees under this statute, but argues that the amount of fees are excessive. Plaintiff did not file a reply in response to the government's arguments.

The Court finds that Plaintiff's request for attorney's fees is reasonable, with the exception of the following billing entries:

- an entry to sign the complaint, after billing time to "transcribe, review and, edit the complaint" (November 3, 2008; .08 hours);
- an entry to review service instructions, after billing time to review the same document (November, 22, 2008; .12 hours);
- entries billing time for a response to an order to show cause why the case should not be dismissed for failure to prosecute. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.") (quotation and citations omitted)

(October 5, 12, and 26, 2009; 4.45 hours total);

- an entry billing 2.25 hours to review the Court's order on the cross motion for summary judgment (June 18, 2010). Because this decision was fully favorable to Plaintiff, Plaintiff is entitled to only one hour for review of this decision (1.25 hour reduction).
- an entry to "[t]ranscribe, review, edit and sign" a courtesy copy of a motion for summary judgment (December 7, 2009; .25 hours). This entry appears to be for clerical work. Absent a brief responding to the government's arguments, Plaintiff has not met her burden of establishing that she is entitled to fees for this billing entry.
- For the same reason, the Court finds that Plaintiff is not entitled to fees for an entry to "cross reference" the electronic and hard copies of the administrative record (February 9, 2009; 2.5 hours).

Accordingly, Plaintiff's fee request is reduced by 8.65 hours, which at Plaintiff counsel's $172 hourly rate equals a $1,487.80 reduction. Inclusive of $414 in paralegal fees and costs, Plaintiff is entitled to $9,084.52.

This fee award shall be paid directly to Plaintiff, Valerie Newman, and not to her attorney. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2526-2527 (2010). Although Plaintiff's counsel may have a contractual right to such fees, these fees are subject to a federal administrative offset if Plaintiff has outstanding federal debts. *Id.* A status memorandum confirming the disbursement shall be filed by Plaintiff on or before July 15, 2011.

**IT IS SO ORDERED.**

DATED: June 3, 2011

_____
Honorable Barry Ted Moskowitz
United States District Judge